UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAULA DONNELLY, ET AL                 CIVIL ACTION

VERSUS                                NO. 05-2474

ECKERD CORPORATION, ET AL             SECTION "C" (2)


ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion to remand.  Having considered the record, the memoranda of counsel and the law, the Court has determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit

advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The plaintiffs filed in state court seeking damages allegedly sustained when the defendants provided a prescription medicine to one of the plaintiffs which, when taken, caused to her to have a "syncopac, hypoglycemic episode" and be transported by ambulance to a hospital.  (Pet. ¶ VI.).  The plaintiff did not

request a jury trial in state court.

The defendants argue that the jurisdictional amount exists because the petition states that the plaintiff "almost died," apparently relying on the argument that it is "facially apparent" that the jurisdictional minimum exists. The Court disagrees with this contention. The record is devoid of any medical reports or quantum study comparisons. In fact, the petition does not contain a jury demand.

In addition, the defendants argue that a binding stipulation from a plaintiff is required in all removal cases to prevent remand. Again, this Court disagrees that the appropriate analysis requires a stipulation in all cases where remand is sought. In any event, the plaintiff has agreed by way of a proposed amending complaint that the jurisdictional amount is not met in this matter, which amendment is being opposed by the defendants.[1]

Based on the record and the law, the Court finds that the defendant has not shown that the amount in controversy exceeds $75,000 at this time. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil &

---

[1] The Court need not rule on the motion for leave to file first supplemental and amending complaint in light of its determination that the defendants have not established that subject matter jurisdiction existed at the time of removal.

Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

    Accordingly,

    IT IS ORDERED that plaintiff's motion to remand is GRANTED.  This matter is hereby REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

    New Orleans, Louisiana, this 22nd day of August, 2005.

                              HELEN G. BERRIGAN
                              UNITED STATES DISTRICT JUDGE